IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

PHILLIP STALLINGS, )
 )
 Plaintiff, )
 )
v. ) 1:21CV258
 )
CAPTAIN RUSSELL, et al., )
 )
 Defendant(s). )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Philip Stallings, submitted a pro se complaint under 42 U.S.C. § 1983 and requests permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § l915(a). Plaintiff names four employees at the Durham County Jail as Defendants in this action.

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" this Complaint. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Applicable here, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly,

550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

For the reasons that follow, the Complaint should be dismissed pursuant to 28 U.S.C. § 1915A(b) because it fails to state a claim on which relief may be granted.

The Complaint attempts to set out two claims against Defendants. The first relates to his mental health treatment while confined at the Durham County Jail. The Complaint alleges that, on December 4, 2020, Plaintiff was transported from the Jail to this Court for sentencing. When he arrived back at the Jail, he was immediately placed on a 14-day medical quarantine due to the ongoing Covid-19 pandemic and the fact that he had traveled outside the Jail.

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 697, respectively)).

According to the Complaint, the length of the sentence Plaintiff received caused him to be depressed and he wrote several medical requests or grievances. In response, an unidentified doctor increased the dosage of the mental health medication that Plaintiff was already taking. However, because of Plaintiff's quarantine status, Defendants did not allow Plaintiff to leave his cell to speak with someone in person. Plaintiff claims that this constituted a denial of mental health treatment in violation of a state statute and his federal rights.

Deliberate indifference to a serious medical need can state a claim under § 1983. Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008). However, "[d]eliberate indifference is a very high standard—a showing of mere negligence will not meet it." Grayson v. Peed, 195 F.3d 692, 695 (4th Cir.1999). Further, mere disagreement with treatment received is not enough to state a claim for relief. Jackson v. Sampson, 536 F. App'x 356, 357 (4th Cir. 2013) (citing Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir.1975)); United States v. Clawson, 650 F.3d 530, 538 (4th Cir. 2011). Here, the Complaint alleges that Plaintiff needed mental health services and notified Jail staff of that need. He then received a response that included increased medication. He did not receive the direct consultation that he sought due to his quarantine status. However, this constitutes a mere disagreement with treatment which does not state a claim for relief. As for the contention that the denial of a direct consultation violated state law, § 1983 covers only violations of federal statutory law and constitutional rights. It does not cover violations of state laws. In the end, the Complaint does not state any claim for a denial of constitutionally mandated medical treatment.

The Complaint also alleges that Defendants violated his rights by locking him in his cell with only an hour outside it every other day for exercise while in quarantine. This is a challenge to his conditions of confinement. Regarding prison conditions, the Fourth Circuit has stated that

> [i]n order to establish that [he] has been subjected to cruel and unusual punishment, a prisoner must prove (1) that "the deprivation of [a] basic human need was objectively 'sufficiently serious,' " and (2) that " subjectively 'the officials act[ed] with a sufficiently culpable state of mind.' " Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir.1993) (second alteration in original) (quoting Wilson, 501 U.S. at 298, 111 S.Ct. 2321). Only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement. See Hudson, 503 U.S. at 8-9, 112 S.Ct. 995. In order to demonstrate such an extreme deprivation, a prisoner must allege "a serious or significant physical or emotional injury resulting from the challenged conditions," Strickler, 989 F.2d at 1381, or demonstrate a substantial risk of such serious harm resulting from the prisoner's exposure to the challenged conditions, see Helling, 509 U.S. at 33-35, 113 S.Ct. 2475. The subjective component of an Eighth Amendment claim challenging the conditions of confinement is satisfied by a showing of deliberate indifference by prison officials. See Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). "[D]eliberate indifference entails something more than mere negligence ... [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Id. at 835, 114 S.Ct. 1970. It requires that a prison official actually know of and disregard an objectively serious condition, medical need, or risk of harm. See id. at 837, 114 S.Ct. 1970; Shakka v. Smith, 71 F.3d 162, 166 (4th Cir.1995).

De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003).

Certainly, the imposition of the quarantine itself did not violate Plaintiff's constitutional rights. In fact, other courts have approved such quarantines in response to the Covid-19 pandemic. See, e.g., Wilson v. Williams, 961 F.3d 829 (6th Cir. 2020) (finding that a response by prison authorities including the quarantining of new inmates rendered plaintiffs' claims

4

unlikely to succeed on their merits); Valentine v. Collier, 956 F.3d 797 (5th Cir. 2020) (same). As for the lack of exercise, that can rise to the level of a constitutional violation where exercise opportunities are such that "muscles are allowed to atrophy" and "the health of the individual is threatened." French v. Owens, 777 F.2d 1250, 1255 (7th Cir. 1985). However, temporary restrictions do not generally violate the Constitution. Makupson v. Powers, Civil Action No. 9:08-cv-983-RBH-BM, 2009 WL 1748712, at *9 (D.S.C. June 18, 2009) (unpublished). Given the reasons for the quarantine, its temporary nature, and the fact that Plaintiff was not denied all exercise opportunities even during the quarantine period, the Complaint does not allege facts sufficient to establish a violation of his federal constitutional rights. The claim based on Plaintiff's quarantine and exercise restrictions should also be dismissed.

As a result, Plaintiff's request to proceed *in forma pauperis* should not be countenanced, with the exception that *in forma pauperis* status shall be granted for the sole purpose of entering this Order and Recommendation.

Plaintiff has submitted the Complaint for filing, however, and, notwithstanding the preceding determination, § 1915(b)(1) requires that he make an initial payment of $13.33. Failure to comply with this Order will lead to dismissal of the complaint.

IT IS THEREFORE ORDERED that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

IT IS FURTHER ORDERED that within twenty (20) days from the date of this Order Plaintiff make an initial filing fee payment of $13.33.

5

IT IS FURTHER ORDERED that Plaintiff's trust officer shall be directed to pay to the Clerk of this Court 20% of all deposits to his account starting with the month of September of 2021, and thereafter each time that the amount in the account exceeds $10.00 until the $350.00 filing fee has been paid.

IT IS RECOMMENDED that this action be dismissed pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted.

This, the 12th day of August, 2021.

_____
Joe L. Webster
United States Magistrate Judge

6